UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIOLETTE COLLINS                                    CIVIL ACTION

VERSUS                                              NO. 06-8547

ENCOMPASS INSURANCE CO., ET AL.                     SECTION: "B"

## ORDER AND REASONS

Before the Court is Defendant, National Flood Insurance Program's, Motion for Summary Judgment for failure to file a sworn proof of loss. (Rec. Doc. 13). The motion is opposed. (Rec. Doc. 17). After review of the pleadings and applicable law, and for the reasons that follow, it is **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

**I. FACTS**

Plaintiff, Violette Collins, filed suit to recover additional insurance proceeds for damage to her home at 3721 Vincennes Place, New Orleans, incurred during Hurricane Katrina. (Rec. Doc. 1). Plaintiff's property was insured by the Federal Emergency Management Agency ("FEMA") with a Standard Flood Insurance Policy ("SFIP") for $225,000 in building coverage and $12,500 in contents coverage. (Rec. Doc. 13 at 2).

On September 6, 2005, Plaintiff contacted FEMA to provide notification of her loss as a result of flooding caused by Hurricane Katrina on August 29, 2005. (Rec. Doc. 13-4). Thereafter,

on October 22, 2005, Jim Sabolick, an adjuster with the National Catastrophe Claims, issued a final report assessing the actual cash value of plaintiff's loss at $172,096.00 after the $2,000.00 deductible for both building ($159,596.00) and contents loss ($12,500.00). (Rec. Doc. 13-4). FEMA subsequently issued Plaintiff checks between November 2, 2005 and February 8, 2006, totaling $172,096.00. (Rec. Doc. 13-4). On July 26, 2006, Plaintiff submitted supplemental documentation to her insurance provider because the adjuster missed certain items on the original adjustment, and FEMA issued Plaintiff additional checks in the amount of $1,196.00 and $302.00 on July 26 and 28, 2006, respectively. (Rec. Doc. 13-4).

On August 31, 2005, David I. Maurstad, the then Acting Federal Insurance Administrator, issued a partial limited waiver of the deadline to file a sworn Proof of Loss ("POL"), allowing payment of undisputed claims without a formal POL and allowing the policy holder to file a POL within one year from the date of the loss if the policy holder disputes the claim settlement. (Rec. Doc. 17-2). The memo contains the following language, which is at issue in this litigation:

> [I]n the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder **may** submit to the insurer a proof of loss within one year from the date of the loss. The POL must meet the requirements of VII.J.4. of the SFIP…

(Rec. Doc. 17-2)(emphasis added). Thus, the Maurstad Memorandum extended the filing deadline for a POL from 60 days to one year

2

from the date of loss for all insureds that dispute the insurer's adjustment, settlement, or payment of the claim.

On August 28, 2007, Plaintiff filed the instant suit against her NFIP provider and FEMA in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging the sums recovered are not sufficient to satisfy the terms of her policy.[1] (Rec. Doc. 1). Defendant argues Plaintiff has not submitted a POL stating the amount of her supplemental claim, and thus cannot sue Defendant. (Rec. Doc. 1 at 7). Plaintiff argues the Maurstad Memorandum, "Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy," (Maurstad Memorandum) rendered the POL claim requirement permissive. (Rec. Doc. 17 at 7).

Defendant argues that because Plaintiff failed to timely submit a POL in compliance with her SFIP within the one year extended deadline set forth in the Maurstad Memorandum to contest FEMA's adjustment and payment of the claim. (Rec. Doc. 13-4). Additionally, since Plaintiff never timely submitted a POL, she never received a notice of disallowance from FEMA to allow suit in this Court. (Rec. Doc. 13-2 at 8). Defendant argues it is settled law that Plaintiff's failure to timely comply with the strict POL requirements of her SFIP forecloses judicial review of this claim. (Rec. Doc. 13-2 at 8).

Plaintiff argues the use of the word "may" in the Maurstad Memorandum made filing a sworn POL permissive. (Rec. Doc. 17 at 7). Accordingly, Plaintiff argues she should not be precluded from

---

[1] Plaintiff's policy limit is $237,500, and she has received $173,594 to date, a difference of $66,906. (Rec. Doc. 1 at 7).

filing a claim against NFIP in this Court. (Rec. Doc. 17 at 7). Plaintiff attributes her failure to timely submit a sworn POL to her near-blindness and argues Defendant must take Plaintiff "as it finds her." (Rec. Doc. 17 at 9).

**II. ANALYSIS**

**A. Standard for Summary Judgment**

Summary Judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to satisfy the burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations". *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994).

**B. Law Governing NFIP Claims**

The National Flood Insurance Program was established by the National Flood Insurance Agency ("NFIA"), 42 U.S.C. § 4001-4129. It is intended to be a unified national program providing flood insurance. The program is administered by FEMA, and underwritten by the U.S. Treasury. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005). Although private insurance companies issue

4

Standard Flood Insurance Policies (SFIP), they are acting as fiscal agents of the United States. 42 U.S.C. § 4071.

Strict adherence to the proof of loss provisions contained in such policies is a prerequisite to recovery under any SFIP. *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); *Wright*, 415 F.3d at 386 (5th Cir. 2005). Under 44 C.F.R. § 61 app. A(2), art. VII(J)(4), proof of loss must provide FEMA with (a) the date and time of loss; (b) a brief explanation of how the loss happened; (c)the claimants' and others' interests in the damaged property; (d) details of any other insurance that may cover the loss; (e) changes in title or occupancy of the covered property during the term of the policy; (f) specifications of the damaged buildings and detailed repair estimates; (g) the names of mortgagees or anyone else having a lien, charge, or claim against the insured property; (h) details about who occupied the building at the time of loss and for what purpose; (i) the inventory of damaged personal property. 44 C.F.R. § 61, app. A(2), art. VII(J)(4). The issues before this Court are whether the proof of loss requirement was waived, and if not, whether Plaintiff complied with it.

Plaintiff first argues she should not be precluded from recovery because the Maurstad Memorandum's language indicates filing a POL was not mandatory. Many courts in this jurisdiction and others have indicated that when the Maurstad Memorandum is read in its entirety, the logical interpretation of the language at issue requires filing a POL before a claimant may sue. *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nt'l Ins. Co.*, 542

5

F.3d 1053, 1056 (5th Cir. 2008); *Shuford v. Fidelity Nt'lProp. & Cas. Co.*, 508 F.3d 1337 (11th Cir. 2005). In *Marseilles*, the Fifth Circuit concluded "if filing a proof of loss within a year of the loss were not a requirement for obtaining judicial relief, the clause, 'if the insurer rejects the proof of loss in whole or in part' would be superfluous." *Marseilles*, 542 F.3d 1053,1057. Accordingly, Plaintiff's contention fails.

Next, Plaintiff argues that Defendant should be estopped from denying her right to sue in this Court because her reliance upon her interpretation that the Maurstad Memorandum made filing a POL permissive was reasonable, and Plaintiff claims she relied on her insurance adjuster's representations attached to her estimate stating the POL requirement had been waived. However, payments from an NFIP are a direct charge on the treasury, therefore the judiciary is powerless to uphold a claim of estoppel because doing so would encroach upon the appropriation power granted exclusively to Congress by the Constitution. *Gowland v. AETNA*, 143 F.3d 951, 955 (5th Cir. 1988). Accordingly, Plaintiff's claims based on estoppel will not preclude summary judgment.

Plaintiff has neither claimed she submitted a sworn POL, nor has she submitted proof that she timely filed a POL. Submitting a sworn POL is a prerequisite to suing an NFIP provider or FEMA. Plaintiff claims the Maurstad Memorandum made filing a POL permissive; however, courts have uniformly concluded that the memo made filing a POL a condition precedent to suing an NFIP provider in this court. Further, Plaintiff argues she reasonably relied on

6

her interpretation of the memo and Defendant should be estopped from denying her right to sue in this Court, but this Court is prohibited from rendering a judgment which would encroach upon Congress's powers of appropriation. Finally, Plaintiff presents a vague argument based in personal injury tort law without alleging her unintentional failure to file a POL was caused in part by her near-blindness. Plaintiff does not state how her eye disease relates to her failure to timely file a POL, nor does Plaintiff offer any supporting jurisprudence which indicates her eye condition may excuse her failure to submit a POL or provide a basis for a waiver for submitting a POL.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** in part with respect to the Court's recognition that Plaintiff failed to submit a Proof of Loss and the legal interpretation that filing a Proof of Loss is mandatory rather than permissive. The motion is denied with respect to Defendant's request that Plaintiff's claims be dismissed for failure to submit a POL.

**IT IS FURTHER ORDERED** that in light of Plaintiff's argument that her eye disease may be related to her unintentional failure to timely file a POL, parties shall conduct additional discovery and provide supplemental briefs on the issue of Plaintiff's eye disease and its effect on her failure to file a sworn proof of loss. Supplemental documentation and briefing on this issue shall be filed **no later than Wednesday, July 29, 2009**.

**IT IS FURTHER ORDERED** that the pretrial conference currently scheduled for July 2, 2009, and the trial currently scheduled for July 20, 2009, are hereby continued.  The Court will reset pretrial conference and trial dates, if necessary, after consideration of supplemental materials.

New Orleans, Louisiana, this 24nd day of June, 2009.

---
UNITED STATES DISTRICT JUDGE