UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **VIOLET B. COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8547** |
| **ENCOMPASS INSURANCE CO. a/k/a ENCOMPASS INDEMNITY COMPANY, et al.** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial pursuant to Rule 59(e). (Rec. Doc. 43). Defendant filed a Memorandum in Opposition. (Rec. Doc. 44). In addition, an Amicus Curiae Memorandum supporting the Motion for New Trial was filed by former counsel for plaintiff, D'Aqula, Volk, Mullins & Contreras A.P.L.C. Defendant asserts that Plaintiff failed to establish either a manifest error of law or fact and/or fails to present newly discovered evidence in accordance with Rule 59(e).

For the following reasons, IT IS **ORDERED** that the instant motion is **DENIED**.

**Facts of the Case:**

Plaintiff, Violet B. Collins, filed suit to recover additional insurance proceeds for damage to her home at 3721 Vincennes Place, New Orleans, incurred during Hurricane Katrina. (Rec. Doc. 1). Plaintiff's property was insured by the Federal Emergency Management Agency ("FEMA") with a Standard Flood

Insurance Policy ("SFIP") for $225,000 in building coverage and $12,500 in contents coverage. (Rec. Doc. 13 at 2).

On September 6, 2005, Plaintiff contacted FEMA to provide notification of her loss as a result of flooding caused by Hurricane Katrina on August 29, 2005. (Rec. Doc. 13-4). Thereafter, on October 22, 2005, Jim Sabolick, an adjuster with the National Catastrophe Claims, issued a final report assessing the actual cash value of plaintiff's loss at $172,096.00 after the $2,000.00 deductible for both building ($159,596.00) and contents loss ($12,500.00). (Rec. Doc. 13-4). FEMA subsequently issued Plaintiff checks between November 2, 2005 and February 8, 2006, totaling $172,096.00. (Rec. Doc. 13-4). On July 26, 2006, Plaintiff submitted supplemental documentation to her insurance provider because the adjuster missed certain items on the original adjustment, and FEMA issued Plaintiff additional checks in the amount of $1,196.00 and $302.00 on July 26 and 28, 2006, respectively. (Rec. Doc. 13-4).

On August 31, 2005, David I. Maurstad, the then Acting Federal Insurance Administrator, issued a partial limited waiver of the deadline to file a sworn Proof of Loss ("POL"), allowing payment of undisputed claims without a formal POL and allowing the policy holder to file a POL within one year from the date of the loss if the policy holder disputes the claim settlement.

(Rec. Doc. 17-2). The memo contains the following language, which is at issue in this litigation:

> [I]n the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder **may** submit to the insurer a proof of loss within one year from the date of the loss. The POL must meet the requirements of VII.J.4. of the SFIP…

(Rec. Doc. 17-2)(emphasis added). Thus, the Maurstad Memorandum extended the filing deadline for a POL from 60 days to one year from the date of loss for all insureds that dispute the insurer's adjustment, settlement, or payment of the claim.

On August 28, 2007, Plaintiff filed the instant suit against her NFIP provider and FEMA in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging the sums recovered are not sufficient to satisfy the terms of her policy. (Rec. Doc. 1). Defendant argues Plaintiff has not submitted a POL stating the amount of her supplemental claim, and thus cannot sue Defendant. (Rec. Doc. 1 at 7). Plaintiff argues the Maurstad Memorandum, "Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy," (Maurstad Memorandum) rendered the POL claim requirement permissive. (Rec. Doc. 17 at 7).

On June 24, 2009, the Defendant's Motion for Summary

Judgment was granted in part with respect to the Court's recognition that Plaintiff failed to submit a Proof of Loss and the legal interpretation that filing a Proof of Loss is mandatory rather than permissive. The motion was denied with respect to Defendant's request that Plaintiff's claims be dismissed for failure to submit a POL.

In light of Plaintiff's argument that her eye disease may be related to her unintentional failure to timely file a POL, the court directed parties to conduct additional discovery and provide supplemental briefs on the issue of Plaintiff's eye disease and its effect on her failure to file a sworn proof of loss. (Rec. Doc. 29, Order and Reasons).

On October 15, 2009, after reviewing the additional discovery and supplemental briefs, this court granted defendant's motion for summary judgment. (Rec. Doc. 41).

**Law and Analysis:**

**I. Standard of Review for New Trial**

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact;

(2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred. *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller").

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.*; *see also Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996).

**II. Discussion**

The email from FEMA's attorney Kristen Shedd, dated April 25, 2007, cannot be considered newly discovered evidence or previously unavailable evidence. The information contained in the email only serves to supplement documents indicating that Ms. Collins believed the proof of loss requirement was waived,

5

which this Court has previously reviewed and rejected. (Rec. Doc. 17, Exhibits A-D, Rec. Doc. 40).

"A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; *and Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000); *Compare also with Louisiana v. Sprint Communications,Co.*,899 F. Supp.282, 284(M.D. La. 1995).

## **Conclusion**

The Fifth Circuit has held that a motion for new trial "must clearly establish a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 896 F. Supp. 634, 635 (E.D. La. 1995). The arguments presented by Plaintiff do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 59(e) relief. Plaintiff has failed to show that the court must correct a manifest error of law or fact, that she has newly discovered or previously unavailable evidence, that the court must prevent a manifest injustice, or

6

that an intervening change in controlling law has occurred since the time of the ruling. Finding that Plaintiff has not provided the Court any basis for altering its ruling or judgment, the motion for a new trial should be denied.

Accordingly, IT IS **ORDERED** that the Motion for a New Trial is **DENIED**.

New Orleans, Louisiana, this  24th  day of  March , 2010.

                                               **UNITED STATES DISTRICT JUDGE**